**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHIEN-MIN SUNG,<br><br>Plaintiff,<br>v.<br><br>KINIK COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>C.A. No. 20-247-RGA<br><br><br>**JURY TRIAL DEMANDED** |

**KINIK COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES
TO DR. CHIEN-MIN SUNG'S COMPLAINT**

Defendant, Kinik Company ("Kinik" or "Defendant"), files its Answer and Affirmative Defenses ("Answer") to the Complaint for Patent Infringement (D.I. 1) filed by Plaintiff, Dr. Chien-Min Sung ("Dr. Sung" or "Plaintiff"), as follows:

## PRELIMINARY STATEMENT

Kinik denies that it has infringed any valid and enforceable patent rights at issue in this lawsuit. Kinik denies that any patent claims asserted by Dr. Sung in this lawsuit are valid or enforceable against Kinik. Kinik also denies that Dr. Sung has suffered any legally cognizable damage for which Kinik is responsible.

Kinik files this Answer to the best of its knowledge and ability. Kinik reserves the right to supplement and amend this Answer to include additional defenses or counterclaims that are discovered during the course of this lawsuit, including, but not limited to any additional facts to support the defense of inequitable conduct alleged herein. Kinik further reserves the right to seek any and all other remedies available from the Court. Unless specifically admitted below, Kinik denies each and every allegation made in the Complaint, including without limitation the headings, sub-headings, and figures contained in the Complaint.

Subject to and without waiving the foregoing, Kinik responds to the separate, numbered paragraphs of the Complaint below.

## NATURE OF THE ACTION

1. Kinik admits that Dr. Sung purports to assert a civil action for patent infringement under Title 35 of the United States Code. Kinik denies the remaining allegations in Paragraph 1, including, but not limited to, any allegation that Kinik has in any way committed an act of patent infringement.

## THE PARTIES

2. Upon information and belief, Kinik admits that Dr. Sung is an individual residing in Taiwan. Kinik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and, on that basis, denies the same.

3. Kinik admits that it is a Taiwanese corporation organized and existing under the laws of Republic of China (R.O.C.), with a place of business at No. 64, Zhongshan Rd., Yingge Dist. New Taipei City 239, Taiwan (R.O.C.). Kinik admits that it sells and offers to sell products in certain States within the United States, including in this judicial district. Kinik denies that it introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States. Kinik denies the remaining allegations in Paragraph 3, including, but not limited to, any allegation that Kinik has in any way committed any act of infringement.

4. Kinik admits that it is engaged in the business of manufacturing products. Kinik denies the remaining allegations in Paragraph 4, including, but not limited to, any allegation that Kinik has in any way committed any act of infringement.

5. Kinik admits that it sells and offers to sell products in certain States within the United States, including in this judicial district. Kinik denies the remaining allegations in Paragraph 5, including, but not limited to, any allegation that Kinik has in any way committed any

act of infringement.

6. Kinik admits that Dr. Sung purports to seek monetary damages and prejudgment interest. Kinik denies the remaining allegations in Paragraph 6, including, but not limited to, any allegation that Kinik has in any way committed any act of infringement.

**BACKGROUND**

7. Kinik admits that Exhibit 1 to the Complaint purports to be a copy of U.S. Patent No. 9,724,802 (the "'802 Patent"). Kinik admits that the face of Exhibit 1 identifies Dr. Sung as an alleged inventor. Kinik denies the remaining allegations in Paragraph 7.

8. Kinik admits that it is a manufacturer of products. Kinik admits that a series of Joint Venture Agreements were entered between Dr. Sung and Kinik dating from 1996 to 2011 (the "JV Agreements"). Kinik admits that the JV Agreements established that Dr. Sung would work for Kinik to assist with the development of technologies relating to diamond tools. Kinik admits that there are domestic and foreign litigations involving the ownership and rights of domestic and foreign patents, including three U.S. patents that Dr. Sung asserted against Kinik in an action filed in this District in 2014. *See Sung v. Kinik Co.*, No. 1:14-cv-01027-RGA, D.I. 1 (D. Del. Aug. 8, 2014) (the "Delaware Action"). Kinik denies the remaining allegations in Paragraph 8.

9. Kinik admits that, in the Delaware Action, Judge Andrews issued a stay and later ordered an administrative closure of the case pending resolution of the parties' litigations and appeals in Taiwan involving ownership and rights of the patents involved. Kinik denies the remaining allegations in Paragraph 9.

10. Kinik admits that the face of Exhibit 1 identifies October 3, 2014, as the alleged filing date, and August 8, 2017, as the alleged date of patent. Kinik denies the remaining

allegations in Paragraph 10.

11. Kinik admits that the face of Exhibit 1 recites "Continuation-in-part of application No. 13/802,112, filed on Mar. 13, 2013, now Pat. No. 9,138,862" under "Related U.S. Application Data" on the cover page. Kinik denies the remaining allegations in Paragraph 11.

## JURISDICTION

12. Kinik admits that Dr. Sung purports to assert a civil action for patent infringement under Title 35 of the United States Code. Kinik denies the remaining allegations in Paragraph 12, including, but not limited to, any allegation that Kinik has in any way committed an act of patent infringement.

13. Kinik does not contest this Court's subject matter jurisdiction.

14. Kinik admits that the Court has personal jurisdiction over Kinik. Kinik admits that it was a defendant in the Delaware Action.

15. Kinik admits that it conducts business in this forum. Kinik denies the remaining allegations in Paragraph 15, including, but not limited to, any allegation that Kinik has in any way committed an act of patent infringement.

## Venue

16. Kinik incorporates by reference the statements and responses set forth in Paragraphs 1–15 above with the same force and effect as though fully rewritten herein.

17. Kinik does not contest venue for purposes of this action only. Kinik denies the remaining allegations in Paragraph 17.

18. Kinik admits that it conducts business in this forum. Kinik denies the remaining allegations in Paragraph 18, including, but not limited to, any allegation that Kinik has in any way committed an act of patent infringement.

**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,724,802**

19. Kinik incorporates by reference the statements and responses set forth in Paragraphs 1–18 above with the same force and effect as though fully rewritten herein.

20. Kinik admits that Exhibit 1 to the Complaint purports to be a copy of the ’802 Patent. Kinik admits that the face of Exhibit 1 identifies August 8, 2017, as the date of patent, and “CMP Pad Dressers Having Leveled Tips and Associated Methods” as the title. Kinik denies the remaining allegations in Paragraph 20, including, but not limited to, the allegation that the ’802 Patent was duly and legally issued.

21. Kinik denies the allegations in Paragraph 21.

22. Kinik admits that the face of Exhibit 1 identifies “CMP Pad Dressers Having Leveled Tips and Associated Methods” as the title. Kinik is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and, on that basis, denies the same.

23. Kinik is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, denies the same.

24. Kinik is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and, on that basis, denies the same.

25. Kinik is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and, on that basis, denies the same.

26. Kinik denies the allegations in Paragraph 26

27. Kinik denies the allegations in Paragraph 27.

28. Kinik denies the allegations in Paragraph 28. To the extent the allegations in Paragraph 28 purport to describe one or more documents, those documents are the best source of

their full content and context.

29. Kinik denies the allegations in Paragraph 29. To the extent the allegations in Paragraph 29 purport to describe one or more documents, those documents are the best source of their full content and context.

30. Kinik denies the allegations in Paragraph 30. To the extent the allegations in Paragraph 30 purport to describe one or more documents, those documents are the best source of their full content and context.

31. Kinik denies the allegations in Paragraph 31. To the extent the allegations in Paragraph 31 purport to describe one or more documents, those documents are the best source of their full content and context.

32. Kinik denies the allegations in Paragraph 32. To the extent the allegations in Paragraph 32 purport to describe one or more documents, those documents are the best source of their full content and context.

33. Kinik denies the allegations in Paragraph 33. To the extent the allegations in Paragraph 33 purport to describe one or more documents, those documents are the best source of their full content and context.

34. Kinik denies the allegations in Paragraph 34. To the extent the allegations in Paragraph 34 purport to describe one or more documents, those documents are the best source of their full content and context.

35. Kinik denies the allegations in Paragraph 35. To the extent the allegations in Paragraph 35 purport to describe one or more documents, those documents are the best source of their full content and context.

36. Kinik denies the allegations in Paragraph 36. To the extent the allegations in

Paragraph 36 purport to describe one or more documents, those documents are the best source of their full content and context.

37. Kinik denies the allegations in Paragraph 37. To the extent the allegations in Paragraph 37 purport to describe one or more documents, those documents are the best source of their full content and context.

38. Kinik denies the allegations in Paragraph 38. To the extent the allegations in Paragraph 38 purport to describe one or more documents, those documents are the best source of their full content and context.

39. Kinik denies the allegations in Paragraph 39. To the extent the allegations in Paragraph 39 purport to describe one or more documents, those documents are the best source of their full content and context.

40. Kinik denies the allegations in Paragraph 40. To the extent the allegations in Paragraph 40 purport to describe one or more documents, those documents are the best source of their full content and context.

41. Kinik denies the allegations in Paragraph 41. To the extent the allegations in Paragraph 41 purport to describe one or more documents, those documents are the best source of their full content and context.

42. Kinik denies the allegations in Paragraph 42. To the extent the allegations in Paragraph 42 purport to describe one or more documents, those documents are the best source of their full content and context.

43. Kinik denies the allegations in Paragraph 43. To the extent the allegations in Paragraph 43 purport to describe one or more documents, those documents are the best source of their full content and context.

44. Kinik denies the allegations in Paragraph 44. To the extent the allegations in Paragraph 44 purport to describe one or more documents, those documents are the best source of their full content and context.

45. Kinik denies the allegations in Paragraph 45. To the extent the allegations in Paragraph 45 purport to describe one or more documents, those documents are the best source of their full content and context.

46. Kinik denies the allegations in Paragraph 46. To the extent the allegations in Paragraph 46 purport to describe one or more documents, those documents are the best source of their full content and context.

47. Kinik denies the allegations in Paragraph 47. To the extent the allegations in Paragraph 47 purport to describe one or more documents, those documents are the best source of their full content and context.

48. Kinik denies the allegations in Paragraph 48. To the extent the allegations in Paragraph 48 purport to describe one or more documents, those documents are the best source of their full content and context.

49. Kinik denies the allegations in Paragraph 49. To the extent the allegations in Paragraph 49 purport to describe one or more documents, those documents are the best source of their full content and context.

50. Kinik denies the allegations in Paragraph 50. To the extent the allegations in Paragraph 50 purport to describe one or more documents, those documents are the best source of their full content and context.

51. Kinik denies the allegations in Paragraph 51. To the extent the allegations in Paragraph 51 purport to describe one or more documents, those documents are the best source of

their full content and context.

52. Kinik denies the allegations in Paragraph 52.

53. Kinik denies the allegations in Paragraph 53.

54. Kinik denies the allegations in Paragraph 54.

55. Kinik denies the allegations in Paragraph 55. To the extent the allegations in Paragraph 55 purport to describe one or more documents, those documents are the best source of their full content and context.

56. Kinik denies the allegations in Paragraph 56.

57. Kinik denies the allegations in Paragraph 57.

58. Kinik denies the allegations in Paragraph 58.

59. Kinik denies the allegations in Paragraph 59

60. Kinik denies the allegations in Paragraph 60.

61. Kinik denies the allegations in Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Kinik denies the allegations in Paragraph 62.

## JURY DEMAND

With regard to the Jury Demand in the Complaint, no admission or denial is required.

## PRAYER FOR RELIEF

Dr. Sung's prayer for relief requires no response. Kinik denies that Dr. Sung is entitled to any relief as requested in this lawsuit, including, but not limited to, those requested in a section titled "Prayer for Relief" of the Complaint, including paragraphs A–H of the "Prayer for Relief" section. To the extent that the "Prayer for Relief" section is interpreted to contain any factual allegations, Kinik denies them.

**KINIK'S AFFIRMATIVE DEFENSES**

1. Kinik denies any and all allegations in the Complaint that were not expressly admitted herein. Kinik answers further and will show the Court that Dr. Sung's claims are barred by the following affirmative defenses. Kinik reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this litigation. Kinik reserves all rights to supplement and/or amend this Answer to include additional defenses that are discovered during the course of this lawsuit.

**FIRST DEFENSE**
**No Ownership**

2. Between October 28, 1996, and January 21, 2011, Kinik entered into several Joint Venture Agreements with Dr. Sung regarding the development and ownership of certain technologies (the "JV Agreements"). The development of the relevant technologies under the JV Agreements led to the issuance of U.S. Patent No. 9,724,802 ("the '802 Patent"), among others, in the U.S. and other countries (collectively, the "Developed Patents"). Kinik has and has had the enforceable legal right to use and practice, as well as the legal right of ownership to, the Developed Patents, including the '802 Patent, since their issuance by the virtue of the JV Agreements.

**SECOND DEFENSE**
**No Standing**

3. Dr. Sung's claims are barred in whole or in part for lack of standing.

**THIRD DEFENSE**
**Failure to State a Claim**

4. Dr. Sung's Complaint fails to state a claim upon which relief can be granted and should thus be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOURTH DEFENSE**
**Non-Infringement**

5. Kinik has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, or in any way, any valid and enforceable claim of the ’802 Patent.

**FIFTH DEFENSE**
**Invalidity**

6. The claims of the ’802 Patent, including the asserted claims, are invalid for failure to comply with the requirements for patentability under the Patent Laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SIXTH DEFENSE**
**Unenforceability**

7. The ’802 Patent is unenforceable as a result of inequitable conduct in its procurement.

**SEVENTH DEFENSE**
**Prosecution History Estoppel**

8. Dr. Sung is barred by prosecution history estoppel from contending that any claim of the ’802 Patent covers Kinik’s products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO before the ’802 Patent issued.

**EIGHTH DEFENSE**
**Lack of Notice**

9. To the extent that Dr. Sung failed to properly notify Kinik of the actions alleged to infringe the ’802 Patent, including, but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, Kinik is not liable to Dr. Sung for those allegedly infringing actions performed before receipt of actual notice of allegations that it was infringing the

’802 Patent.

**NINTH DEFENSE**
**Unclean Hands**

10. Dr. Sung’s claims are barred in whole or in part by the doctrine of unclean hands.

**TENTH DEFENSE**
**License**

11. Dr. Sung’s claims are barred in whole or in part based on an express or implied license to use the ’802 Patent.

**ELEVENTH DEFENSE**
**Waiver and/or Estoppel**

12. Dr. Sung’s claims against Kinik are barred by the doctrines of waiver and/or equitable estoppel.

**TWELFTH DEFENSE**
**Limitation on Damages**

13. Upon information and belief, Dr. Sung’s claims for recovery of alleged damages are limited by 35 U.S.C. § 286, and Dr. Sung is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Pursuant to 35 U.S.C. §§ 286 and/or 287, Dr. Sung’s claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit. Dr. Sung’s claims are barred in whole or in part due to Dr. Sung’s failure to mitigate damages, if any. The Complaint fails to state a claim for relief against Kinik for treble damages under 35 U.S.C. § 284.

**THIRTEENTH DEFENSE**
**No Injunctive Relief**

14. Dr. Sung is not entitled to any injunctive relief because any injury to Dr. Sung is neither immediate nor irreparable, Dr. Sung has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

**FOURTEENTH DEFENSE**
**No Exceptional Case**

15. The Complaint fails to state a claim for relief against Kinik for exceptional case under 35 U.S.C. § 285.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Kinik Company*

*Of Counsel:*

Jay F. Utley
Mackenzie M. Martin
D. Yoon Chae
BAKER & MCKENZIE LLP
1900 N. Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Dated: July 6, 2020